Chief Justice Robertson
delivered the Opinion of the Court.
This appeal is prosecuted to reverse a judgment obtained by Christopher Dicken against Elijah King in an action of assumpsit for money made out of the former by the latter by sales of property under executions on a decree afterwards reversed by this court.
We do not doubt that Dicken was entitled, in consequence of the reversal of the decree, to restitution, riot 0f the property which had been sold, but of the Pr*ce f°r which it was sold ; nor do we doubt that this suit is maintainable, nor that the proof on the *373 trial authorized a verdict and judgment in favor of Dicken. But we are of opinion, that he obtained a judgment for a larger sum than the proof entitled him to.
Demy, for appellant; Waring, for appelleev
It seems that one of the articles of property which had been sold under the decree, was a mare, for selling which, William Dicken, who averred that it was his, and not C. Dicken’s, afterwards sued the sheriff and obtained a judgment in damages for conversion, by selling it as the property of C. Dicken.
On the trial, in this case, King offered to prove that Christopher Dicken (the appellee) was sworn as a witness in the suit between William Dicken and the sheriff, and swore that the mare was the property of William, and not of him (Christopher] at the time of its sale by the sheriff, and offered also to prove other facts conducing to shew that the mare was not the property of the appellee. But the circuit court, being of opinion that ho such testimony was material or admissible, refused to admit it. In this there was error.
If C. Dicken did not own the mare, the law did not imply an assumpsit to restore it or its value to him, but to the true owner only. Both the appellant and the sheriff who, at his instance, sold the mare, were liable to the owner for its value. The owner having asserted his claim, and recovered damages from the sheriff, the appellee cannot be entitled, in assumpsit or in any other form of proceeding, to restitution for any part of the sum for which his execution was credited in consequence of the sale of the piare.
The rejected proof was admissible on the question of proprietorship of the mare at the time of sale.
The judgment cannot be sustained, because it is far too much, unless the appellee had a right to recover the price for which the mare had been sold.
Wherefore, the judgment is reversed, the verdict -set aside, and the cause remanded for a new trial.